# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HESS,<br><br>                                 Plaintiff,<br>  vs.<br><br>UNITED STATES GOVERNMENT,<br><br>                                 Defendant. | CASE NO. 11cv1567 DMS (JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

      Plaintiff, proceeding *pro se*, filed a complaint seeking to block the repeal of the military's "don't ask don't tell" policy, 10 U.S.C. § 654(b)(1)-(3) (1994). The Government filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Plaintiff filed a brief styled as "Notice of Motion to Continue for the Purpose to Show Cause, Including More Evidence and to Give Service Members the Opportunity to Join This Lawsuit Anonymously So That Their Careers Won't Be Affected," which the Court construes as his opposition. The Government's brief styled as "Defendant's Response to Plaintiff's Notice of Appeal and Opposition to Plaintiff's Motion for Miscellaneous Relief" is construed as its reply brief. For the reasons which follow, the Government's motion is **GRANTED**.

      Plaintiff alleges that the repeal of the "don't ask don't tell" policy will reduce military effectiveness in combat, including increased casualties, depression and suicide. He requests the Court

to block or postpone the repeal. The "don't ask don't tell" policy, 10 U.S.C. § 654(b)(1)-(3), however, has already been repealed. *See* Pub.L. 111-321 § 2 (2010).

The Government argues, among other things, that this action should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because it has become moot. Article III of the Constitution confers federal jurisdiction only over actual "Cases" and "Controversies." *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1094-95 (9th Cir. 2001). When "the cause . . . is not a 'case or controversy' within the meaning of that section," the court lacks subject matter jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks and citation omitted). "Where the activities sought to be enjoined have already occurred, and the . . . courts cannot undo what has already been done, the action is moot, and it must be dismissed." *Seven Words*, 260 F.3d at 1095 (internal quotation marks and citations omitted). The "don't ask don't tell" policy has already been repealed. Because the Court cannot block what has already occurred, Plaintiff's action is moot.

Alternatively, the Government argues the action should be dismissed because Plaintiff lacks standing. Article III of the Constitution "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (internal quotation marks and citation omitted, emphasis in original). "'The province of the court . . .is, solely, to decide on the rights of individuals.' Vindicating the *public* interest (including the public interest in Government observance of the Constitution and laws) is the function of Congress and the Chief Executive." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 576 (1992) (internal quotation marks and citation omitted emphasis in original). Accordingly, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (internal quotation marks and citation omitted). Because Plaintiff is retired from military service, he is unable to make the requisite showing. Instead, Plaintiff's alleged impact of the Government's action is undifferentiated from and

common to all members of the public. His claim reflects a "generalized grievance," *see Lujan*, 504 U.S. at 575, which is insufficient to establish Article III standing. *See Lance v. Coffman*, 549 U.S. 437 (2007). In the absence of Article III standing, the Court lacks subject matter jurisdiction over this action.[1]

For the foregoing reasons, the Government's motion to dismiss is **GRANTED**. The complaint is **DISMISSED WITHOUT LEAVE TO AMEND** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: February 6, 2012

                                         HON. DANA M. SABRAW
                                         United States District Judge

---

[1] Because the mootness and standing issues are dispositive, the Court does not address other grounds for dismissal raised in the Government's motion.